```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

CHARLES HUDSON and              :    Civil Action No. 04-6438(NLH)
DEBRA HUDSON,                   :
      Plaintiffs,               :
                                :
      v.                        :    **OPINION**
                                :
SIEMENS LOGISTICS AND           :
ASSEMBLY SYSTEMS, INC.,         :
HK SYSTEMS, INC., and           :
EATON CORPORATION,              :
      Defendants,               :
                                :
HK SYSTEMS, INC.,               :
      Defendant/Third-Party     :
      Plaintiff,                :
                                :
      v.                        :
                                :
EATON CORPORATION,              :
      Defendant/Third-Party     :
      Defendant.                :
```

**APPEARANCES:**

Robert George Devine, Esquire
Christopher P. Morgan, Esquire
White & Williams, LLP
457 Haddonfield Road
Suite 400
Cherry Hill, NJ 08002-2220

   *On behalf of HK Systems, Inc.*

Cy Goldberg, Esquire
Goldberg Miller & Rubin, LLC
121 South Broad Street
Suite 1500
Philadelphia, PA 19107

Darren J. Hunter, Esquire
Dewey & LeBoeuf
Two Prudential Plaza
180 North Stetson Avenue, Suite 1175
Chicago, IL 60601-6783

   *On behalf of Eaton Corporation*

**HILLMAN**, District Judge

This matter has come before the Court on Defendant/Third-Party Defendant Eaton Corporation's motion for reconsideration of the Court's December 19, 2007 Opinion granting Defendant/Third-Party Plaintiff HK Systems, Inc.'s motion for summary judgment and denying Eaton Corporation's motion for summary judgment. For the reasons expressed below, Eaton Corporation's motion will be denied.

## BACKGROUND

This case was brought by Charles Hudson, who was injured on the job when an automated guided vehicle ("AGV") struck him and pinned him against a conveyer system. The Hudsons dismissed their claims against Siemens and HK Systems, Inc. ("HK") and settled their claims with Eaton Corporation ("Eaton"). What remained of the case was whether Eaton was responsible for the attorneys' fees and costs HK incurred as a result of defending against the Hudsons' claims, and, correspondingly, the fees and costs HK incurred as a result of the prosecution of their third-party claim against Eaton for indemnification. The duty to indemnify, HK claimed, arose from an Asset Purchase Agreement ("APA") entered into by the parties' predecessors.

Eaton and HK each filed a motion for summary judgment, and on December 19, 2007, the Court granted HK's motion and denied Eaton's. Eaton has now asked the Court to reconsider its

decision.

## DISCUSSION

**A.   Standard for Motion for Reconsideration**

Local Civil Rule 7.1(i) governs a motion for reconsideration.  It provides, in relevant part, that "[a] motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.  A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion."

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence."  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached.  P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001).  Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law.  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  Such disagreements should be dealt with through the normal appellate process.  S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381

(D.N.J. 2003).

A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café, 176 F.3d at 677.

**B.  Analysis**

Eaton raises two issues that it believes warrant reconsideration.  First is Eaton's contention that the Court did not properly consider HK's lack of cooperation with Eaton's investigation in the underlying lawsuit.  Second is Eaton's contention that the Court improperly determined that New Jersey's Statute of Repose did not apply to the Hudsons' claims.  Each argument will be addressed in turn.

    **1.  *Whether the Court failed to properly consider HK's alleged lack of cooperation with Eaton's investigation***

Eaton argues that the Court did not fully consider Eaton's assertion that HK did not cooperate with Eaton in its investigation of the Hudsons' lawsuit.  Eaton argues that HK was required to cooperate under the implied duty of good faith and fair dealing that is in every contract.  Eaton contends that because HK did not cooperate like it was required to, Eaton is

4

now liable for costs and fees that could have been avoided entirely if HK had only cooperated.

As a primary matter, Eaton did not assert a claim against HK for HK's breach of the implied covenant of good faith and fair dealing. Thus, whether HK breached such a duty was not before the Court in deciding either motion for summary judgment, and it cannot be raised for the first time now. See P. Schoenfeld Asset Mgmt., 161 F. Supp. 2d at 352.

With regard to Eaton's argument that the Court overlooked the impact of HK's lack of cooperation, Eaton is mistaken. It was determined that based on the APA, HK did not have a duty to cooperate because Eaton chose not to provide HK with a defense. (See Op. at 10.) The Court noted that Eaton raised the argument that HK refused to cooperate, and suggested that "good faith and comity should prevail in such situations," but the Court also noted that the APA only required HK's cooperation if Eaton provided HK with a defense. (See Op. at 6 n.2.) Because the APA did not require the cooperation of the claiming party when the indemnifying party chose not to provide a defense, the Court did not need to consider HK's level of cooperation. Further, as was discussed in detail in the Opinion, the level of HK's cooperation was immaterial to the determination of whether the APA required Eaton to indemnify HK, which was the only issue before the Court. (See Op. at 12-16.)

5

Eaton also contends that HK's legal bills and costs, for which Eaton is now responsible, are unreasonable because of HK's lack of cooperation.  This issue is not ripe, however, because the Court has not yet entered a judgment in HK's favor.

Because Eaton has failed to show an intervening change in the controlling law, new evidence, or the need to correct a clear error of law or fact or to prevent manifest injustice, Eaton's motion for reconsideration as to the issue concerning HK's cooperation must be denied.

2. *Whether the Court improperly determined that New Jersey's Statute of Repose did not apply to the Hudsons' claims*

In its motion for summary judgment, Eaton contended that New Jersey's Statute of Repose ("SOR") barred HK's claim for indemnity.  The SOR bars recovery for damages for any deficiency in the design, planning, surveying, supervision or construction of an improvement to real property, arising more than ten years after the performance or furnishing of such services and construction.  N.J.S.A. 2A:14-1.1.  Eaton argued that the entire mail handling system, of which the AGV that struck Mr. Hudson was a part, was an improvement to real property designed and installed by Eaton-Kenway in 1991.  Because Mr. Hudson was injured by the AGV in 2004, Eaton argued that his claim was time barred by the SOR's ten year limitation on claims.  Correspondingly, Eaton argued that any claim by HK for indemnity

6

for the Hudsons' damages sustained on account of such injury was time barred by the SOR as well.

The Court rejected Eaton's argument and determined that the SOR was not applicable.  The Court noted that the Hudsons' allegations sounded in products liability, and relied on Dziewiecki v. Bakula, 853 A.2d 234, 237 (N.J. 2004), which held that when a manufacturer has been sued under products liability principles, products liability principles apply to the manufacturer and/or seller of a defective product, and not the SOR, even when the product is used to improve real estate.  Based on Dziewiecki, the Court found that even if Eaton wore "two hats"--that is, undertook activities covered by the SOR as well as came under the product liability statute--and even if the material handling system and AGV were considered improvements to real property, the Hudsons' claims against Eaton arose out of Eaton's manufacturer-of-product hat.  (See Op. at 19.)  Thus, because the Hudsons' claims arose from Eaton's manufacturer-of-product hat, rather than its designer hat, the SOR did not apply.

Eaton disagrees with the Court's conclusion and reliance on Dziewiecki.  Eaton states that its situation is distinguishable from Dziewiecki, and that in its motion for summary judgment, it laid out in detail how the automated material handling system was an improvement to real property, which Eaton designed, and as such, Eaton was fully protected by the SOR.  This argument fails

7

to establish a basis for a Rule 7.1(i) reconsideration, however, because it is simply a disagreement with the Court's contrary position. The Court recognized and considered these arguments in deciding Eaton's motion for summary judgment, and Eaton has not demonstrated how relevant facts or controlling law were overlooked in the making of that decision. Such disagreements must instead be dealt with through the normal appellate process.

Eaton also takes issue with three of the Court's observations: (1) "Eaton settled with the Hudsons, presumably because their claims were based on products liability principles" (Op. at 19), (2) "Had the Hudsons' claims been based on SOR-protected activities, Eaton would have advanced this argument as a complete bar to the Hudsons' claims against it" (id.), and (3) "While the Hudsons' claims were still active against Eaton, Eaton had the opportunity to demonstrate which alleged conduct should be allocated to its alleged SOR-protected activities and which conduct should be allocated to its alleged PLA activities. Eaton did not, or could not, do so" (id.).[1] Eaton attempts to explain why these observations are inaccurate and why it disagrees with the Court's view of its litigation strategy. Disagreement with these observations, however, does not provide a basis for the Court to reconsider its conclusion of law that the SOR did not

---

[1] Eaton does not dispute the Court's statement, "[H]ad the Hudsons' claims been barred, then neither Eaton nor HK would have faced any liability, and no indemnification issues would have arisen." (Op. at 19.)

8

bar the Hudsons' claims.  Even if the Court were to change its view on those three points, it does not change the fact that Eaton was wearing its manufacturer-of-product hat, and the Hudsons' claims arose from Eaton's manufacturer-of-product hat.  That finding alone is sufficient to determine that the SOR did not apply.  Again, Eaton may disagree with this conclusion, but that disagreement cannot be resolved on a motion for reconsideration.

## **CONCLUSION**

For the reasons expressed above, Eaton's motion for reconsideration must be denied.  An appropriate Order will be entered.

Dated: March 25, 2008                    s/ Noel L. Hillman

At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.

9